[Civ. No. 30288. Fourth Dist., Div. Three. Aug. 10, 1983.]

In re the Marriage of VIOLET M. and JOHN J. McNAUGHTON.
VIOLET M. McNAUGHTON, Respondent, v.
JOHN J. McNAUGHTON, Appellant.

846

COUNSEL

Michael Lamton Michel for Appellant.

Lemkin, Schilling & Millard, E. Robert Lemkin, John R. Schilling and Marsha F. Levine for Respondent.

OPINION

**SONENSHINE, J.**—Husband appeals a judgment on reserved issues following an action for dissolution of marriage.

Husband and Wife separated in 1978 after a 32-year marriage. At trial the parties stipulated to all issues except spousal support and attorney's fees. The values of the properties awarded to each party were not presented in open court, but it was agreed that the court could consider information discussed in chambers along with evidence of the income of the properties to be introduced at trial.[1]

The trial court issued its memorandum of intended decision on December 9, 1981. Husband filed a request for findings of fact and conclusions of law on December 10, 1981, but on January 20, 1982, the court issued its judgment without the required findings of fact and conclusions of law. Husband filed a notice of appeal from this judgment on January 29, 1982, and on February 1, 1982, the court granted an ex parte motion to strike the judgment, ordering Wife to submit proposed findings of fact and conclusions of law. On March 18, 1982, a new judgment with findings and conclusions was entered. Husband then amended his appeal.

DISCUSSION

THE MARCH 18, 1982, JUDGMENT IS VALID

Husband argues the January 20, 1982, judgment is void since it was rendered without the required findings. Wife agrees.

■ Next, Husband, relying on Witkin and on *In re Marriage of Davis* (1983) 141 Cal.App.3d 71 [190 Cal.Rptr. 104], contends the filing of his notice of appeal on January 29, 1982, divested the trial court of jurisdiction to proceed in any matter affecting the case. Witkin does opine that a trial court is deprived of jurisdiction when an appeal of a valid judgment is perfected. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 4, p. 4021.) But Husband fails to consider that "a wholly void judgment or order may . . . be disregarded by the parties and the trial court, and may be set aside by the trial court on its motion though an appeal therefrom is pending." (1

---

[1]The record discloses each party received property worth over $3 million.

Witkin, Cal. Procedure (2d ed. 1971) Jurisdiction, § 218, p. 751; see also *Security Pac. Nat. Bank* v. *Lyon* (1980) 105 Cal.App.3d Supp. 8 [165 Cal.Rptr. 95], and *Lovret* v. *Seyfarth* (1972) 22 Cal.App.3d 841 [101 Cal.Rptr. 143].)

Husband's reliance on *Davis* is also misplaced. In *Davis,* the trial judge attempted to correct, by amendment, a judgment entered without required findings. Here, however, the trial court vacated the void judgment, and prior to the entry of the judgment, issued the required findings of fact and conclusions of law.

The judgment entered March 18, 1982, is valid.

### The Spousal Support Award Was Proper

██ Husband contends the trial court abused its discretion in awarding spousal support of $3,500 a month since there was no showing of changed circumstances from the time of the pendente lite award of $2,000 a month and income from Wife's estate was sufficient for her support. (Civ. Code, § 4806.) He is wrong.

There are fundamental differences in the functions and purposes of pendente lite support and permanent support orders. The court, in making each award, is governed by different authority. (*In re Marriage of Burlini* (1983) 143 Cal.App.3d 65 [191 Cal.Rptr. 541].)

The temporary support award is usually obtained soon after the filing of the petition and before any final determination on the various issues in the dissolution. Its purpose is to maintain the living conditions and standards of the parties as closely as possible to the status quo, pending trial and the division of the assets and obligations of the parties. (Adams & Sevitch, Cal. Family Law Practice (4th ed. 1983) § N.3.) The effect of a temporary order is governed by Civil Code section 4357, which precludes consideration of the pendente lite order at the hearing on the permanent order.[2]

The purpose of permanent spousal support is to ". . . provide financial assistance, if appropriate, as determined by the financial circumstances of the parties after their dissolution and the division of their community property." (*In re Marriage of Burlini, supra,* 143 Cal.App.3d 65, 70.) The determination of permanent spousal support at trial must be de novo. Only at trial is all the evidence presented. The permanent order is to be based upon circumstances existing at trial, and a change of circumstances from the time of the pendente lite order is irrelevant to a determination of the amount of support which is "just and reasonable" at that time.

---

[2]Civil Code section 4357 reads in pertinent part: ". . . An order made pursuant to this section shall not prejudice the rights of the parties or children with respect to any subsequent order which may be made."

The trial court did not err in increasing the permanent spousal support order from the amount previously ordered without a showing of changed circumstances.

■ Husband argues the spousal support order violates Civil Code section 4806. This section states in part: "In any original or modification proceeding, where there are no children, and either party has or acquires a separate estate, including income from employment, sufficient for his or her proper support, no support order shall be made or continued against the other party."

Husband claims Wife's separate property generates an annual gross income of $237,645, and is therefore sufficient for her expenses of $13,000 a month. Husband, however, misconstrues both the facts and the law. The court found Wife's income to be considerably less than the $237,645 claimed by Husband.[3] Civil Code section 4806 is applicable only when the supported spouse's income is sufficient to meet that spouse's needs, which was not the case here.

The court also found Husband had a total gross annual income in excess of $200,000 per year and had the ability to pay $3,500 per month in spousal support without impacting his separate estate.

Husband relies on *Dallman v. Dallman* (1959) 170 Cal.App.2d 729 [331 P.2d 245] and *In re Marriage of Cosgrove* (1972) 27 Cal.App.3d 424 [103 Cal.Rptr. 733] to support his contention that Civil Code section 4806 precludes a spousal support award in this instance. In *Dallman*, the wife received a net income of $978 per month from her separate estate of almost half a million dollars. The court, in reviewing a spousal support order of $750 a month, stated, "the mere fact that a party has a separate estate will not prevent the court's awarding him or her alimony. It is only when such a party has a separate estate sufficient for his or her *proper* support that the court is denied the power to make such an award." (*Id.*, at p. 734.) Whether an estate is sufficient for one's proper support is a fact question for the trial court. The evidence in *Dallman* showed the husband did not have the ability to pay the designated amount of support and there was no testimony or other

---

[3]The trial court's findings are as follows:
1. "During the last several years of the parties' marriage, they enjoyed a lifestyle of luxury and affluence which became their accustomed standard of living, with average monthly expenditures exceeding $13,000 per month;
2. "The petitioner continued this standard of living after separation and at the time of trial her reasonable monthly expense needs totalled approximately $13,000 per month;
3. "The petitioner is presently unemployed and it is unlikely that she will have gainful employment for the indefinite future; [and]
4. "In addition to the income petitioner will receive from the community property settlement, she requires an additional $3,500 per month for an indeterminate period of time for her support and maintenance."

evidence introduced as to wife's needs: therefore, it was error to find her separate estate insufficient for her proper support. But *Dallman* is easily distinguishable. Here there is substantial evidence of Wife's needs, and the court specifically found her monthly income did not meet her monthly expenses. Further, the court found Husband was "well able to pay $3500 per month for support and maintenance of petitioner."

Husband's reliance on *In re Marriage of Cosgrove, supra,* 27 Cal.App.3d 424, is also misplaced. In *Cosgrove* the wife was denied spousal support, not because she possessed a substantial separate estate, but because the evidence showed the income from her property approximated her living expenses. Moreover, the *Cosgrove* court considered Wife's earning capacity as a medical doctor concluding she *could* utilize such potential to augment her income. Here, the trial court found Wife's expenses were higher than her income and she was not capable of gainful employment.

Substantial evidence supports the trial court's findings and the judgment will not be disturbed. (*Dallman* v. *Dallman, supra,* 170 Cal.App.2d 729, 736.)

### THE SPOUSAL SUPPORT AWARD WAS NOT IMPROPER AS A MATTER OF LAW

Two additional issues were raised at oral argument although not briefed by the parties. ■ Husband alleged Wife's needs of over $13,000 a month are excessive and her estate of well over $3 million should, as a matter of law, produce sufficient income to satisfy her needs.

In the case of *In re Marriage of Aufmuth* (1979) 89 Cal.App.3d 446, 458 [152 Cal.Rptr. 668], the court noted, "In fixing the amount of spousal support to be awarded upon dissolution of marriage, broad discretion is vested in the trial court, 'and thus an appellate court must act with cautious judicial restraint, even though the particular award might appear on appeal to be modest or *generous* under the particular circumstances.' However, the discretion of the court is not unlimited. '[I]t must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the financial ability of the husband.' An abuse of discretion will be perceived if, after calm and careful review of the entire record, it can fairly be said that no judge would reasonably make the same order under the same circumstances." (Citations omitted; italics added.)

The trial court made proper findings, taking into consideration *all* the factors set forth in Civil Code section 4801, including Wife's claimed needs, the lifestyle to which she had become accustomed, and Husband's ability to pay. Moreover, Husband is not entitled to a disproportionately higher standard of living than Wife. (*In re Marriage of Andreen* (1978) 76 Cal.App.3d

667 [143 Cal.Rptr. 94].) Arguments that a spouse could live with less are properly addressed to the trial court. (*In re Marriage of Wright* (1976) 60 Cal.App.3d 253 [131 Cal.Rptr. 870].) The award may seem excessive, but given the lavish lifestyle of the parties, the financial needs of Wife, and Husband's ability to pay, another judge could reasonably make the same order under the same circumstances.

Nor can we agree the court abused its discretion in finding Wife needed additional support notwithstanding her estate of over $3 million.[4]

Husband argued at trial that Wife was managing her estate poorly. The court rejected that evidence in making its order. There is no evidence Wife deliberately or negligently minimized her income.

Moreover, at the time of trial, the parties' circumstances were in a state of flux. The community assets and obligations had just been divided. The exact amount of the stock Wife will have after the equalizing transfer to Husband and the tax on this transaction were unknown, as were her investment options. Until Wife is given an opportunity to manage her property, the ultimate income available to her is pure speculation.

The court, therefore, did not abuse its discretion in finding, under the circumstances *as then presented*, that Wife needs additional support, notwithstanding an estate of over $3 million. How long this support lasts, and in what amount, if any, depends upon many factors including Wife's dili-

---

[4]Wife's estate and the income generated therefrom consisted of the following:

| ASSET | INCOME |
|---|---|
| 1. Commercial office building. | 1. One expert testified the income was $9,388 per year. Another testified it was $21,000 per year. |
| 2. Partnership interest in apartment building. | 2. Income generated unknown. Wife's counsel claimed it does not generate much income. This was not disputed. |
| 3. One-half interest in condominium in Hawaii. | 3. Rentals on the condominium were $4,055 per year in 1980, and $4,817 in 1981. However, expenses for the condominium exceed $4,000 per year. |
| 4. Single-family residence. | 4. There are no encumbrances on this property and taxes are minimal. It has not been used as a rental property. |
| 5. One-half promissory note secured by deed of trust. | 5. Generates $3,500 per month in principal and interest. |
| 6. Condominium in Newport Beach. | 6. Used as Wife's residence. |
| 7. 94,337.5 shares of National Education Corporation stock. | 7. The company pays a 10 percent stock dividend yearly. At the time of the trial the stock was worth between $13 and $16 per share. Wife was to transfer approximately $300,000 worth of these shares to Husband to equalize the division of the community property. |
| 8. Automobiles and furniture. | 8. None. |

gence in finding and making permanent investments. The amount of support will presumably be adjusted accordingly at a modification hearing.

The judgment is affirmed.

Crosby, Acting P. J., and Wallin, J., concurred.

A petition for a rehearing was denied on September 8, 1983, and the following opinion was then rendered:

SONENSHINE, J.—Husband on petition for rehearing again seeks to retry the case on appeal. This we decline to do. His various calculations of Wife's possible range of income show just how speculative that matter was at the time of trial. Any attempt to estimate a monthly figure on this record would be little more than guesswork.

He also urges that Wife can generate more than enough income to meet her needs by, for example, simply investing in tax free municipal bonds. We do not necessarily disagree but again remind Husband that the spousal support order came at the same time the community assets were divided. Wife could not reasonably be expected to put an investment scheme into effect instantly.

We cannot find an abuse of discretion where the trial court may only have intended to allow Wife a reasonable period of time to arrange the management of her finances after this 32-year marriage. In fact, it is probable that the court would have already granted a modification had Husband pursued that avenue rather than appeal. Husband's remedy is to seek review of a future denial of a petition to modify should Wife continue to claim she is unable to meet her reasonable expenses after an adequate opportunity to put her financial house in order.

Petition denied.

Crosby, Acting P. J., and Wallin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 5, 1983.