[No. G031450. Fourth Dist., Div. Three. June 30, 2003.]

In re Marriage of BETH ANN and MICHAEL F. SELLERS.

BETH ANN SELLERS, Appellant, v.
MICHAEL F. SELLERS, Respondent.

1008

COUNSEL

Family Law Appellate Associates and Jeffrey W. Doeringer for Appellant.

Schwamb & Stabile and Mark A. Hewitt for Respondent.

## OPINION

**RYLAARSDAM, Acting P. J.**—Appellant Beth Ann Sellers appeals from a postjudgment order reducing spousal support. Among the several grounds raised, she attacks the court's failure to issue a statement of decision after respondent, Michael F. Sellers, requested one. Husband contends there was no error because subsequent to his request, he filed a written waiver of a statement of decision, and the court deemed it waived. We agree with wife that the court was required to issue a statement of decision, and its failure to do so is reversible error.

### FACTS

Since the opinion is limited to the failure to render a statement of decision, we recite only those facts necessary to resolve that issue. A judgment dissolving the parties' almost 22-year marriage was filed in July 2001. It contained detailed provisions for spousal support and calendared a review hearing for one year later. The parties submitted income and expense declarations and briefs prior to the review hearing, and they both testified at the hearing held on September 9, 2002. Directly following the completion of testimony and before closing argument, husband's counsel asked "for a statement of decision from the court regarding the court's order," and the court agreed, stating, "All right."

The court ordered a modification of support. In announcing its decision from the bench, the court did not designate either party to prepare a statement of decision or a judgment. The closest it came was, just before reciting the order, to state to husband's attorney, "you are writing the order." Neither party has argued this was a designation to prepare a statement of decision, and we do not consider it one.

On October 2, wife filed and served a "Request for Compliance With Request for Statement of Decision." (Capitalization omitted.) Two days later, husband served proposed findings and a proposed order. Within a week, wife filed written objections. On October 22, husband filed a "[W]aiver of Statement of Decision." (Capitalization omitted.) In it, he asserted wife's request for compliance was untimely, and that she waived the right to a statement of decision when she did not ask for one at the hearing. He requested the court deem the statement waived.

The next day, the court, by minute order, deemed the statement to be waived and ordered husband's attorney to prepare a formal order. Two days later, wife filed her "Objection to Respondent's Waiver of Statement of Decision." (Capitalization omitted.) Subsequently the order was entered.

## DISCUSSION

"At the request of either party, an order modifying, terminating, or setting aside a support order *shall* include a statement of decision." (Fam. Code, § 3654, italics added.) Here, husband made a request for a statement in a timely fashion. The court did not designate either party to prepare it. By default, and by analogy to California Rules of Court, rule 232(c), the court was required to prepare it.

■ Rule 232 sets out the process for statements of decision, including a provision that the court prepare the statement unless it has charged a party with doing so. (Cal. Rules of Court, rule 232(c); *In re Marriage of Reilley* (1987) 196 Cal.App.3d 1119, 1125–1126 [242 Cal.Rptr. 302].) But the "rule does not apply if the trial was completed within one day" (Cal. Rules of Court, rule 232(h)), as was the case here. However, notwithstanding this exception, based on a plain reading of Family Code section 3654, which requires a statement on request, it stands to reason that the court is obligated to prepare the statement.

Husband argues that despite his request for a statement of decision, wife waived the right to a statement because she failed to make a similar request. Thus, when he in turn waived the statement, none was required. We are not persuaded.

A statement of decision is as much, or more, for the benefit of the Court of Appeal as for the parties. It "is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law. [Citation.]" (*Slavin v. Borinstein* (1994) 25 Cal.App.4th 713, 718 [30 Cal.Rptr.2d 745].) ■ The importance of the statement is underscored by the rule that a trial court's failure to render a statement of decision is reversible error. (*In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 282 [268 Cal.Rptr. 83].) Code of Civil Procedure section 632 provides that a statement of decision may be requested after trial; generally, there is no duty to render a statement of decision as to rulings on orders to show cause. (*In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1040 [102 Cal.Rptr.2d 662].) However, the benefit of a statement of decision in connection with modification orders was acknowledged by the Legislature when it enacted Family Code section 3654.

Accepting husband's interpretation would negate the obvious importance of a statement in this case and turn the process into a game. ■ Family Code section 3654 mandates issuance of a statement of decision on "the request of *either* party." (Italics added.) It does not require both parties to ask. Once husband made the request, it was reasonable for wife to believe the court would follow the dictates of the statute. (See Civ. Code, § 3548.)

Further, when a statement was not forthcoming, wife brought it to the court's attention. Had she remained silent and then argued the omission on appeal, she may indeed have been found to have waived her right to a statement. (See *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 [275 Cal.Rptr. 797, 800 P.2d 1227] [failure to advise trial court of defect in statement of decision waives argument on appeal].) Here, however, the court was given the opportunity to prepare the statement before the matter came to us.

We are being asked to evaluate a reduction in wife's spousal support. The court did not set out the rationale for its order. The rendering of a statement of decision "is particularly appropriate in this case because the reasons for the trial court's decision otherwise disclosed in the record are entirely inadequate to inform this court of the legal bases for the decision." (*In re Marriage of McDole* (1985) 176 Cal.App.3d 214, 219 [221 Cal.Rptr. 734], disapproved on another ground in *In re Marriage of Fabian* (1986) 41 Cal.3d 440, 451, fn. 13 [224 Cal.Rptr. 333, 715 P.2d 253].)

## DISPOSITION

The order is reversed and the case remanded for a rendering of the statement of decision. Appellant is entitled to costs and attorney fees on appeal, to be determined by the trial court.

O'Leary, J., and Moore, J., concurred.