Filed 6/26/13  Marriage of Pathak and Bhardwaj CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| **In re the Marriage of ANUPAMA PATHAK and SANJAY BHARDWAJ.** | |
| **ANUPAMA PATHAK,** | |
| **Respondent,** | **A134507** |
| v. | |
| **SANJAY BHARDWAJ,** | **(Alameda County** |
| **Appellant.** | **Super. Ct. No. FF08380050)** |

Appellant Sanjay Bhardwaj appeals from a postjudgment order reducing his spousal support from $3,500 per month to $0 effective October 1, 2011.  He raises various "procedural" and "substantive" challenges to the order reducing spousal support.[1] We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Our unpublished opinion in Bhardwaj's prior consolidated appeal, *In re Marriage of Bhardwaj* (Feb. 28, 2012, A128171, A130338, A131205) (*Bhardwaj I*), summarizes the lengthy procedural history in this martial dissolution action.  We incorporate the

---

[1]  Bhardwaj's February 3, 2012 notice of appeal states he is appealing from the August 19, 2011 minute order terminating spousal support and the December 6, 2011 denial of his motion for reconsideration.  His opening brief, however, raises no issues regarding the motion for reconsideration.  " ' "Issues not raised in an appellant's [opening] brief are deemed waived or abandoned. [Citation.]" ' [Citation.]" (*Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282.)

1

factual and procedural history from that prior appeal and provide only a brief overview here.

Anupama Pathak, formerly Anupama Bhardwaj, petitioned for dissolution of marriage in 2008. The trial court dissolved the marriage in 2009 and held two separate trials on various reserved financial issues. In February 2010, the court issued a statement of decision determining Bhardwaj was not entitled to permanent spousal support based on the assumption Bhardwaj fostered that he was "working and making more than $12,000 per month." The court, however, retained jurisdiction over the issue and concluded Bhardwaj could "request an award of spousal support based upon the change of circumstance that he is no longer employed."

The court held a second trial in March 2010 and issued a statement of decision in July 2010. In that statement of decision, the court granted Bhardwaj's request to modify permanent spousal support and awarded Bhardwaj $3,500 per month in spousal support. In September 2010, the court issued a single judgment incorporating rulings from both trials. Bhardwaj filed a motion for new trial and a motion arguing the judgment had a clerical error. In January 2011, the court denied Bhardwaj's new trial motion but corrected a clerical error in the judgment.

Bhardwaj appealed from the February 2010 statement of decision, the September 2010 judgment, and the January 2011 denial of his new trial motion. We consolidated the three appeals; in a February 2012 opinion, we affirmed the September 2010 judgment and sanctioned Bhardwaj $60,000 for filing a frivolous appeal. (*Bhardwaj I, supra*.)

Meanwhile, on February 3, 2011, the trial court ordered postjudgment spousal support as follows: (1) from May 17, 2010 to November 30, 2010, Pathak's obligation to pay spousal support was reduced to $1,500 given Bhardwaj's employment as an attorney during that period; and (2) effective December 1, 2010, Pathak's obligation to pay spousal support was reinstated to $3,500 per month conditioned on Bhardwaj's unemployment status. The court set a further review hearing on August 19, 2011, and

2

explained Bhardwaj "shall have the burden of proof that a spousal support order from [Pathak] to [Bhardwaj] shall continue to be ordered in this matter."[2]

<em>The Parties' Submissions Before the<br>August 19, 2011 Review Hearing</em>

Before the review hearing, Bhardwaj submitted his declaration of "Status on [Family Code] Section 4320 Support" (Declaration). He argued the trial court should "stay the present support order" because his appeal in *Bhardwaj I* was pending and because he had moved to disqualify a trial court judge who entered the September 2010 judgment.[3] He also contended there had been a change of circumstances because, among other things: (1) he was obligated to pay $7,198.24 monthly in "mortgages and house payments"; (2) Pathak's monthly income had risen from $21,148 to $24,497 and she was working at 70 percent capacity rather than at 60 percent capacity; and (3) his monthly expenses had risen to $13,248.99 and his pretax income was $12,083.33.

According to Bhardwaj's Declaration, the current spousal support order kept him "in a negative cash flow" and did not meet his needs, while Pathak's ability to pay spousal support had increased, enabling her to pay more than $3,500 a month in support. Bhardwaj also argued the lengthy duration of the marriage and the marital standard of living supported "a finding of substantial amount of spousal support." Finally, Bhardwaj requested a "de novo analysis" of the Family Code "section 4320 factors for spousal support" (4320 factors) and asked "that a statement of decision be issued." Bhardwaj also attached an income and expense declaration and a single earning statement to his Declaration.

In her "Argument" regarding spousal support, Pathak stated Bhardwaj had been employed since March 2011 "earning approximately the same income he received in his prior job at Cisco, which Judge Grimmer found in the original ruling on permanent

---

[2] Before the August 19, 2011 hearing, Pathak filed a postjudgment motion to divide the community property financial accounts. Bhardwaj opposed the motion. The court originally set the hearing on the motion for August 19, but continued it to September 12.

[3] The court denied Bhardwaj's peremptory challenge and Bhardwaj petitioned for writ of mandate. This court denied the petition.

spousal support . . . was sufficient to support himself with no spousal support paid by [her]." In addition, Pathak contended Bhardwaj's expenses and the fair market rental value of his home were unchanged and that he had substantial assets to assist him with his living expenses. She claimed, while her income had "changed slightly," her expenses exceed her earnings.

Pathak noted Bhardwaj had: (1) attached only a single pay stub to his Declaration; (2) refused to provide information about additional income he was receiving in the form of bonuses and stock options; and (3) refused to provide information about the monthly rent he was receiving from tenants he placed in the "Dallas investment property." Finally, Pathak noted the court need not conduct a "de novo review" of all the 4320 factors and must not reconsider the 4320 factors where there was no change in circumstances. Pathak's Argument included, among other things, an income and expense declaration and pay stubs.

A few days before the hearing, Bhardwaj submitted an updated income and expense declaration attaching pay stubs. He also submitted an "amended" income and expense declaration showing he had $75,000 in stocks, bonds and other assets he could easily sell as well as $500,000 in real property interests.

*The August 19, 2011 Review Hearing*

At the hearing, Bhardwaj stated his current salary was $12,083 per month and admitted his employment was a change of circumstance. Bhardwaj testified he received unvested stock options when he began his job in March 2011; when asked whether he received any restricted stock units, he stated, "it's a fluid situation . . . . I cannot give a direct answer." Bhardwaj also testified about his 401k contributions.

Bhardwaj reiterated his claim that he was entitled to de novo review of the 4320 factors. He argued the fact that the community residence (where he continued to live in contravention of the July 2010 statement of decision) had not been sold constituted a change in circumstance from a previous statement of decision, which assumed the property would be sold.

4

The court rejected Bhardwaj's request for de novo review of the 4320 factors. It explained the "4320 factors are still relevant in a modification of spousal support, but I disagree . . . that it's all de novo. I don't think we have new spousal support trials every time somebody decides to change an order. . . . [T]here must be a showing of a change in circumstances that warrants the [modification]." The court indicated the burden of proof was on Bhardwaj to demonstrate a "continued need for support."

Bhardwaj then presented his argument "on the need analysis" under the 4320 factors, explaining in detail his income and expenses. He claimed he was entitled to more than $3,500 a month in spousal support. In response, the court stated, "I guess I'm still confused and what I'm confused about the most, there's a $3,500 spousal support order made at the time you're unemployed. You're now making over [$]12,000 a month and somehow you don't think that warrants a modification of the support." Bhardwaj stated the previous support order did not meet his needs and claimed "the added income" from his current employment did not change the fact that "the need is still not being met." The court explained that "the original judgment and spousal support . . . provided a reservation of spousal support on facts that aren't really much different than today." The court noted Bhardwaj was earning $12,083 a month and that his expenses were unchanged.[4]

The court issued its intended order modifying permanent spousal support on the record at the hearing. The court stated, "effective October 1, 2011, spousal support will be reserved, reduced to zero. There will be no retroactive modifications of the current spousal support order prior to that. [¶] . . . And I have based this upon all of the current financial circumstances, based upon the expenses of the parties, based upon all [of the 4320 factors]. [¶] It's true that Mr. Bhardwaj does have a significant negative cash flow

---

[4] Pathak testified about bonuses of $3,000 she receives twice a year; she explained that she received a one-time bonus of $5,000 because she set up a "perioperative clinic . . . beyond all odds." Counsel for Pathak noted she was paying $10,000 in legal fees each month and argued Pathak "does not make enough money every month on her salary after taxes to meet her own expenses. [¶] She has suffered great hardship in paying [spousal support]."

5

at this time, and based upon the length of marriage, I'm not going to modify the $3,500 until October 1, 2011, based upon the refinance orders I've made.  [¶] If this property is refinanced, it should, based upon what Mr. Bhardwaj has told me himself, significantly reduce his housing costs, which will put him in a better position to meet his expenses. [¶] So that is my order."  The court directed Pathak's counsel to prepare an order.  The August 19, 2011 minute order states, among other things, that "[s]pousal support issues are argued, submitted. . . .  Effective October 1, 2011, spousal support is reduced to zero and reserved."  The minute order directs counsel for Pathak to submit an order.[5]

*The Court's Tentative Statement of Decision*

At a September 12, 2011 hearing on property division and reimbursement, the court granted Bhardwaj's request for a statement of decision regarding the court's August 19, 2011 order and directed counsel for Pathak to prepare it.  Counsel for Pathak apparently prepared a proposed statement, but it is not part of the appellate record.

On November 10, 2011, the court issued its findings and order after hearing addressing all orders issued at the hearing other than spousal support.  That same day, the court issued a tentative statement of decision.  It noted "[t]he matter was submitted at the hearing on [August 19, 2011], and the court issued its tentative decision on the record at the hearing.  [Bhardwaj] requested a Statement of Decision on the issue of spousal support modification."  The tentative decision listed the evidence the court considered and made 10 findings of fact and conclusions of law.

As relevant here, the court concluded it had jurisdiction to modify the spousal support orders.  It also denied Bhardwaj's request for a de novo review of the 4320 factors, concluding:  "In a proceeding for modification of permanent spousal support, the trial court does not conduct a de novo trial of all issues pertaining to permanent spousal support which were previously tried. . . .  In adjudication of permanent spousal support

---

[5]   The court also made an order regarding child support and:  (1) ordered the parties to cooperate to refinance the current mortgage on the community residence; (2) modified child support payable by Bhardwaj to Pathak; and (3) directed the parties to exchange information on various issues, including information on their employment compensation and on the Dallas investment property.  Those orders are not at issue in this appeal.

6

modification, the trial court determines whether there are changed circumstances, and if so, determines the manner in which identified changed circumstances affect the balancing of the [4320 factors]."

The court then found two changed circumstances. First, it determined Bhardwaj had been employed since March 2011 with a monthly base salary of $12,083 and that his earnings had "increased substantially" since the last spousal support order. Second, the court found Pathak's base monthly salary was $23,312. The court also determined: (1) neither party could meet his or her monthly expenses; (2) Bhardwaj's living expenses were unchanged since the last proceeding; and (3) he continued to live "in a property which he cannot afford."

Next, the court found Bhardwaj earned approximately the same amount he was earning when Judge Grimmer concluded in the February 2010 statement of decision that Bhardwaj could support himself on his earnings of $12,263 per month. The court then applied Family Code section 4320, subdivisions (a) and (*l*) and concluded "at [Bhardwaj's] current earnings, with the exception of relatively high housing expense that [Bhardwaj] has elected to sustain, [he] is capable of living at essentially the martial standard of living" reflected in the February 2010 statement of decision and was "already self-supporting."

Next, the court determined "the remaining . . . 4320 factors are not affected by the changed circumstances found by this court, and therefore remain unchanged from the discussion of those factors contained in prior Statements of Decision herein," i.e., the February and July 2010 statements of decision. The court declined to retroactively modify spousal support to March 7, 2011, — when Bhardwaj gained employment — and concluded Bhardwaj could use the $3,500 he received each month from March 2011 to October 2011 "notwithstanding his substantial increase in income at that time to further assist him in meeting his living expenses."

Finally, the court ordered spousal support reduced to $0 effective October 1, 2011. The court explained that "[n]o spousal support shall be owed by either party to the other at this time based on the circumstances that now exist and the court's analysis of the

7

[4320 factors]. [¶] The court retains jurisdiction to modify spousal support in the future upon a showing of changed circumstance."

In November 2011, Bhardwaj objected to the tentative statement of decision. He argued: (1) the court lacked jurisdiction to modify spousal support; (2) de novo analysis is required by law and the court may not exercise any "deference to prior exercise of discretion"; (3) the court did not consider his needs and Pathak's ability to pay and substantial evidence did not support the conclusion that he could "meet [the] marital standard of living"; (4) the finding that he was self-supporting was not supported by substantial evidence because he was "in a negative cash flow"; (5) Pathak had the ability to pay spousal support; (6) the court failed to consider Bhardwaj's contributions to Pathak's career during their marriage; (7) it was reversible error to modify and terminate spousal support where Pathak's income and expenses had not change and where his need continued to outweigh his ability to support himself; and (8) the court failed to consider various changed circumstances.

*Bhardwaj's Motion for Reconsideration and*
*the Court's Order After Hearing*

In October 2011, Bhardwaj moved for reconsideration of the spousal support order. Pathak opposed the motion. At the December 6, 2011 hearing, the court denied Bhardwaj's motion for reconsideration. The court explained, "we had a hearing the last time and I made my orders on spousal support which . . . were not solely made based upon the fact that you may have a negative cash flow. . . . [I]f you review the . . . entire record in this case, you will note and if you read the tentative statement of decision that was issued which is about to become final, I've seen your objections [and they] just restate what [you] have always stated." The court noted its decision to deny spousal support was "based upon many factors, one of which [was] that you were back making and earning money that was consistent and very close to what Judge Grimmer had found you to make which led to a reservation of spousal support . . . . You have the same house payments with Judge Grimmer that you had with me."

The court further stated it had considered Bhardwaj's "negative cash flow" as well as "all the 4320 factors [and] the marital standard of living."  The court told Bhardwaj it found "it difficult legally" to "keep you at a same rate of spousal support that I found when you were unemployed, when you are now making over $12,000 a month."  The court set a further hearing on Pathak's request for orders dividing the community financial accounts for March 5, 2012.

On March 5, 2012, the court issued its findings and order after the December 6, 2011 hearing.  Among other things, the court denied Bhardwaj's "motion to modify spousal support and/or reconsider the previous court order to reserve spousal support but reduce current spousal support to $0 effective [October 1, 2011,] and/or to clarify the prior court order."

## DISCUSSION

### *The Court's Failure to Issue a Document Entitled "Final Statement of Decision" Does Not Require Reversal*

Bhardwaj contends the court's failure to issue a statement of decision requires reversal of the order reducing spousal support.[6]  "At the request of either party, an order modifying, terminating, or setting aside a support order shall include a statement of decision."[7]  (Fam. Code, § 3654; see also Code Civ. Proc, § 632.)  A statement of decision "explains the factual and legal basis for the [trial] court's decision."  (Hogoboom

---

[6]    Bhardwaj's case citations fail to comply with the California Style Manual (4th ed. 2000) sections 1:1 to 1:37, pages 4-39 (citation rules) or any other generally recognized citation format.  For example, Bhardwaj often refers to a case without providing sufficient information for the reader to locate the opinion, such as the volume of the reporter and the page number where the relevant material appears.  (Cal. Rules of Court, rule 1.200.)  Bhardwaj's unusual citation system has made our review difficult, and not for the first time.  In *Bhardwaj I, supra*, we admonished Bhardwaj for evading brief length limitations by using an "unusual system of abbreviations" of commonplace phrases.

[7]    The exception in California Rules of Court, rule 3.1590(n) for trials "completed within one day or in less than eight hours over more than one day," does not apply here. (See *In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010 (*Sellers*).)  Pathak does not contend otherwise.

& King, Cal. Practice Guide:  Family Law (The Rutter Group 2012) ¶ 15:91, p. 15-19 (rev. #1, 2012).)  A statement of decision " 'is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law.'  [Citation.]" (*In re Marriage of  Starr* (2010) 189 Cal.App.4th 277, 287.)

A statement of decision, however, need not detail the trial court's findings as to each statutory factor.  On the contrary, a statement of decision " 'need do no more than state the grounds upon which the judgment rests, without necessarily specifying the particular evidence considered by the trial court in reaching its decision.' " (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 50, fn. omitted; *In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1530 ["statement of decision was adequate" for appellate review notwithstanding its failure to address all of former wife's questions].)

In his opening brief, Bhardwaj relies on a single case — *Sellers* — to support his argument that reversal is required.  In *Sellers*, the trial court conducted a review hearing on spousal support.  At the hearing, counsel for the husband asked " 'for a statement of decision from the court regarding the court's order' and the court agreed." (*Sellers, supra,* 110 Cal.App.4th at p. 1009.)  At the conclusion of the review hearing, the court ordered a modification of spousal support and announced its decision from the bench. The husband served proposed findings and a proposed order and the wife objected; in response, the husband requested the court deem the statement of decision waived.  "The next day, the court, by minute order, deemed the statement to be waived and ordered the husband's attorney to prepare a formal order." (*Ibid*.)  The wife objected and "[s]ubsequently the order was entered." (*Ibid*.)

The Fourth District Court of Appeal reversed and "remanded for a rendering of the statement of decision." (*Sellers, supra,* 110 Cal.App.4th at p. 1011.)  The *Sellers* court stated the rule that "a trial court's failure to render a statement of decision is reversible error.  [Citation.]" (*Id.* at p. 1010.)  It explained, "[w]e are being asked to evaluate a reduction in wife's spousal support.  The court did not set out the rationale for its order. The rendering of a statement of decision 'is particularly appropriate in this case because the reasons for the trial court's decision otherwise disclosed in the record are entirely

10

inadequate to inform this court of the legal bases for the decision.' [Citation.]" (*Id.* at p. 1011.)

Sellers does not compel reversal here. In contrast to *Sellers*, the trial court here issued a tentative statement of decision setting forth the factual and legal grounds for its conclusions. The tentative statement of decision identified the evidence offered by both parties and analyzed the changed circumstances and the 4320 factors. It also considered — and rejected — Bhardwaj's argument regarding jurisdiction and his request for de novo review. We conclude the tentative statement of decision satisfied the court's duty to provide a written statement of decision. And unlike *Sellers*, the record in this case illuminates the court's reasoning and the legal bases for its decision.

We reject Bhardwaj's contention that the tentative statement of decision was insufficient because it did not "address controverted issues [he] itemized." The tentative statement of decision addressed the controverted issues, including those raised by Bhardwaj in his pleadings and at the August 19, 2011 review hearing. It also stated the factual and legal bases for the court's reduction in spousal support. Bhardwaj's objections to the tentative statement of decision simply rehashed the same arguments Bhardwaj had already made — the same arguments the court had explicitly rejected in the tentative statement of decision. Moreover, the court considered and rejected Bhardwaj's objections to the tentative decision at the hearing on December 6, 2011, and indicated the tentative decision would become final. Under the circumstances present here, we conclude the court's failure to issue a document entitled "Final Statement of Decision" does not require reversal.

We recognize that several courts have concluded a court's failure to file a statement of decision following a timely request therefore constitutes "per se reversible error." For example, in *Miramar Hotel Corp. v. Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126 (*Miramar Hotel*), the trial court conducted a two-day bench trial and took the matter under submission. The court then issued a three-sentence minute order entitled " 'Memorandum of Decision and Statement of Decision' " providing that judgment be entered in favor of the respondent. (*Id.* at p. 1127.) The appellants made a

11

timely request for statement of decision, but the court apparently failed to take notice of the request and entered judgment for the respondents without filing a statement of decision. (*Id.* at p. 1128.)

The Second District Court of Appeal determined the minute order did not constitute a statement of decision within the meaning of Code of Civil Procedure section 632 despite its title because it did not "explain 'the factual and legal bases for [the trial court's] decision as to . . . the principal controverted issues at trial.' " It determined that by labeling the minute order a statement of decision, "the trial court deprived appellants of an opportunity to make proposals and objections concerning the court's statement of decision. [Citation.]" (*Miramar Hotel, supra,* 163 Cal.App.3d at p. 1129.) The Second District reversed and remanded "for the issuance of a statement of decision by the trial judge." (*Id.* at p. 1130.)

Other courts have followed *Miramar Hotel* and have held the failure to issue a statement of decision following a party's timely request for one is reversible error. (See *Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1397-1398; *Sellers, supra,* 110 Cal.App.4th 1010-1011 ["failure to render a statement of decision is reversible error"]; *In re Marriage of Ananeh–Firempong* (1990) 219 Cal.App.3d 272, 282-284 [court's refusal to issue a statement of decision was reversible error where court's statements were an "inadequate explanation of the factual and legal basis for the court's decision regarding the valuation of [the husband's] medical practice"]; *Social Service Union v. County of Monterey* (1989) 208 Cal.App.3d 676, 678-681 [the trial court's "comments on record in response to counsel's closing argument do not rise to the level of a statement of decision" and did not explain the factual and legal bases for its decision, " 'an essential element of a statement of decision' "]; *In re Marriage of McDole* (1985) 176 Cal.App.3d 214, 219-220 [failure to issue statement of decision reversible error where "reasons for the trial court's decision otherwise disclosed in the record are entirely inadequate to inform [the appellate] court of the legal bases for the decision"].)

*Miramar Hotel* and its progeny are distinguishable. In each of these cases, the trial court made statements on the record or issued a minute order that failed to explain

12

the factual and legal bases for the decision. Here, the court issued a tentative decision describing the evidence it considered and setting out the rationale for its decision. Unlike the record in the cases cited above, the record here is adequate to provide meaningful appellate review. Finally, and in contrast to *Miramar Hotel*, the court did not deprive Bhardwaj of the opportunity to object to the tentative decision. Bhardwaj objected and the court considered — and rejected — his objections. We can discern no prejudice to Bhardwaj arising out of the court's failure to issue a document entitled "Final Statement of Decision."

*Bhardwaj's Claim Regarding the Purported*
*Absence of Subject Matter Jurisdiction Fails*

Bhardwaj contends the court lacked "subject matter jurisdiction to change [the] permanent spousal support award" while his prior appeal was pending pursuant to Code of Civil Procedure section 916, subdivision (a), which provides that, with certain exceptions, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby."

This argument is foreclosed by our decision in *In re Marriage of Horowitz* (1984) 159 Cal.App.3d 377, 381 (*Horowitz*). There, the trial court issued an interlocutory judgment dissolving the parties' marriage, ordering the husband to pay spousal support, and retaining jurisdiction over the issue. Each party appealed from the judgment. While those appeals were pending, the trial court modified the husband's obligation to pay child support on changed circumstances grounds, including a reduction in the husband's expenses and an increase in [the wife's] earning ability. (*Id.* at p. 380.) On appeal, the wife challenged the modification of the husband's spousal support obligation, claiming the trial court lacked jurisdiction to modify a judgment that was on appeal. (*Id.* at pp. 380-381.) We rejected that argument, concluding "[t]he trial court had jurisdiction to modify spousal support pending appeal upon a proper showing of changed circumstances." (*Id.* at p. 385.) We explained that a modifiable support order based on

13

changed circumstances "does not interfere with the jurisdiction of the appellate court, since its review is based upon the record at trial." (*Id.* at p. 384.)

At the August 19, 2011 review hearing, Bhardwaj admitted his employment status was a change in circumstance. As a result — and as in *Horowitz* — the trial court retained "jurisdiction to modify spousal support pending the appeal upon a proper showing of changed circumstances." (*Horowitz, supra,* 159 Cal.App.3d at p. 385.) Bhardwaj's attempt to distinguish *Horowitz* by claiming its holding is "restricted to that case only" is not persuasive, particularly where he concedes "*Horowitz* establishes that a spousal support modification jurisdiction should be exercised only on a showing of changed circumstances." (Underscoring omitted.)

Bhardwaj also contends the court lacked subject matter jurisdiction "as no party timely requested a hearing and [the] trial court did not in a timely way [n]otice a sua sponte hearing." His argument is difficult to follow, seems to reprise an argument he made — and we rejected — in his prior appeal, and is unsupported by authority holding a trial court cannot order a review hearing unless a party requests one.

*The Court Did Not Abuse Its Discretion in Setting*
*Permanent Spousal Support at $0*

Bhardwaj contends the court erred by failing to conduct a de novo review of the 4320 factors when modifying spousal support. According to Bhardwaj, a de novo analysis "requires a truly independent exercise of judicial discretion" and prevents a trial court from relying on previous statements of decision. Bhardwaj makes a related argument that the court erred by failing to consider all of the 4320 factors when it reduced permanent spousal support.

" 'Modification of spousal support, even if the prior amount is established by agreement, requires a material change of circumstances since the last order. [Citations.] Change of circumstances means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs. [Citations.] It includes all factors affecting need and the ability to pay.' [Citation.] 'A trial court considering whether to modify a spousal support order considers the same criteria set

14

forth in Family Code section 4320 as it considered in making the initial order.' [Citation.]" (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 396 (*Dietz*); Hogoboom & King, Cal. Practice Guide: Family Law, *supra,* ¶ 17:146, p. 17-36.2 (rev. #1, 2011) ["a court asked to modify spousal support must consider and weigh *all* of the appropriate spousal support factors" under Fam. Code, § 4320.)**8**

Bhardwaj relies on several cases, including *In re Marriage of McNaughton* (1983) 145 Cal.App.3d 845 (*McNaughton*) and *In re Marriage of Schulze* (1997) 60 Cal.App.4th 519 (*Schulze*), to support his argument regarding de novo review. In *McNaughton*, the trial court awarded temporary support of $2,000 per month; later it awarded permanent spousal support of $3,500 per month. On appeal, the husband contended the trial judge abused his discretion in awarding permanent spousal support of $3,500 a month because there were no changed circumstances from the time of a temporary award of $2,000 a month. The *McNaughton* court rejected this argument and concluded Civil Code section 4357, which governs the effect of a temporary order, "precludes consideration of the pendente lite order at the hearing on the permanent order." (*McNaughton, supra,* 145 Cal.App.3d at p. 849.) The court continued, "[t]he determination of permanent spousal support at trial must be de novo. Only at trial is all the evidence presented. The permanent order is to be based upon circumstances existing at trial, and a change of circumstances from the time of the pendente lite order is irrelevant to a determination of the amount of support which is 'just and reasonable' at that time." (*Ibid.*)

In *Schulze*, the appellate court reversed an award of permanent spousal support because the trial court relied on a figure generated by "DissoMaster," "a privately developed computer program which was intended to be used to calculate *temporary* support" rather than relying on the "statutory factors enumerated in section 4320 of the

---

**8** Family Code section 4320 sets forth numerous factors the trial court must consider in determining the appropriate amount of an award of spousal support, including, the earning capacities of the parties, the ability of the supporting spouse to pay spousal support, the needs of each party based on the marital standard of living, the assets and obligations of each party, the duration of the marriage, and the age and health of the parties.

15

Family Code." (*Schulze, supra,* 60 Cal.App.4th at p. 522.) As the *Schulze* court explained, "[s]ection 4320 requires an independent evaluation of *all* of a variety of specifically enumerated factors. If the trial judge *begins* with the proposed temporary figure and then makes adjustments (or merely uses some of the . . . 4320 factors to *justify* a figure based on the temporary order), the ultimate order is not *really* the product of a truly independent exercise of judicial discretion." (*Id.* at pp. 526-527.)

Both cases are distinguishable. *McNaughton* held a trial court cannot rely on a prior award of temporary support when making an *initial* award of permanent spousal support. *Schulze* held a trial court cannot rely entirely on DissoMaster calculations when awarding permanent spousal support — it must consider the 4320 factors. Neither *McNaughton* nor *Schulze* concerned a modification of permanent spousal support. And neither case supports Bhardwaj's convoluted claim that the trial court erred by failing to conduct a de novo review at the spousal support review hearing.

The record demonstrates the court considered the relevant 4320 factors at the August 19, 2011 hearing and analyzed whether there had been a material change in circumstances since the February 3, 2011 order. (*In re Marriage of Baker* (1992) 3 Cal.App.4th 491, 501 ["Absent a change in circumstances, a motion for modification is nothing more than an impermissible collateral attach on a prior final order. [Citation.]"]; see also Hogoboom & King, Cal. Practice Guide: Family Law, *supra*, at ¶ 17:135, p. 17-33 (rev. #1, 2011).) Bhardwaj did not introduce any evidence relevant to the 4320 factors he claims the court ignored, perhaps because those factors had not changed since the previous proceeding. As the court correctly observed, what had changed was Bhardwaj's employment.

We reject Bhardwaj's claim that the court "ignored need" and failed to calculate the marital standard of living.[9] The court considered Bhardwaj's "need" for support,

_____

[9] We are not persuaded by Bhardwaj's claim that the court engaged "in speculation to modify spousal support on assumption of refinancing in the future." At the December 6, 2011 hearing, the court explained it did not condition or premise the support modification on the ordered refinance of the home. Similarly, Bhardwaj's contention that the court

Pathak's ability to pay, and the marital standard of living. The court determined neither party could pay its monthly expenses, that Bhardwaj's living expenses had not changed since the last proceeding, and that he willingly continued to live in a house he could not afford. The court applied Family Code section 4320, subsections (a) and (*l*) and concluded "at [Bhardwaj's] current earnings, with the exception of relatively high housing expense that [Bhardwaj] has elected to sustain, [he] is capable of living at essentially the martial standard of living" reflected in the February 2010 statement of decision and was "already self-supporting." That Bhardwaj disagrees with the court's conclusion does not demonstrate an abuse of discretion. (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1004 [the wife "does not challenge [the] order as an abuse of discretion, except to the extent she disagrees with it"]; *In re Marriage of Kerr* (1999) 77 Cal.App.4th 87, 94-95.)

## DISPOSITION

The order reducing Bhardwaj's spousal support to $0 effective October 1, 2011 is affirmed. Pathak is entitled to costs on appeal.

_____

Jones, P.J.

We concur:


_____

Simons, J.


_____

Bruiniers, J.

_____

"erroneously incorporated attorney fees in the determination of support" does not provide a basis for reversal where the court did not mention legal fees in the tentative statement of decision.

17