Filed 12/10/24  Holland v. Alexholland CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GEORGE HOLLAND, JR., <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> LISA ALEXHOLLAND, <br><br>     Defendant and Respondent; <br><br> LOS ANGELES COUNTY CHILD SUPPORT SERVICES, <br><br>     Real Party in Interest. | A166791 <br><br> (Alameda County Super. Ct. No. AF11594555) |

Plaintiff George Holland, Jr. (father) appeals the trial court's order setting aside a stipulation that terminated family support and waived all non-aid support arrears.  In setting aside the stipulation, the court found that real party in interest Los Angeles County Child Support Services (Department) did not sign the stipulation as required under Family Code section 4065, subdivision (c).[1]  On appeal, father contends that the Department was not required to sign the stipulation and that the court erred in failing to issue a statement of decision.  We disagree and affirm.

---

[1] All further statutory references are to the Family Code unless otherwise specified.

## I.  BACKGROUND

In February 2012, father and defendant Lisa Alexholland (mother) finalized their divorce.  As part of their marital settlement agreement, father was ordered to pay mother $2,000 per month in family support.[2]  At that time, father and mother had two minor children who are now adults.  In May 2012, mother opened a case with the Department to enforce the collection of family support after father failed to make consistent payments.[3]  In December 2016, father and mother entered into a settlement agreement in which father's prospective family support payments were reduced to $500 per month.  The agreement further stated that mother would release father of "all past, present or future arrears" and that father would pay mother $20,000 as consideration.  It is unclear when father actually paid mother this amount.

In August 2021, father filed a request for the trial court to: (1) terminate the family support order because the children were now adults; and (2) "adopt" the parties' December 2016 agreement.  Before the March 2022 hearing on this matter, father filed a document titled "stipulation and order terminating family support" (stipulation).  The stipulation was executed by him and mother and stated that father was no longer required to pay family support, that mother was waiving all non-aid arrears (estimated to be approximately $218,036.31), and that father would pay mother $20,000.  The stipulation further provided that mother would request closure of her

---

[2] " 'Family support' means an agreement between the parents, or an order or judgment, that combines child support and spousal support without designating the amount to be paid for child support and the amount to be paid for spousal support."  (§ 92.)

[3] "A local child support agency or obligee may register an order for support . . . obtained in another county of the state."  (§ 5600, subd. (a).)

2

enforcement case with the Department. The Department did not sign the stipulation. Mother emailed the Department that she was closing her case pursuant to the stipulation. The Department responded that it would close her case after mother submitted a voluntary case closure form.

In January 2022, the trial court approved the parties' stipulation and "order[ed] that all further enforcement is terminated as to the waived support." In April 2022, mother moved to set aside the stipulation. In a supporting declaration, mother stated that she agreed to accept $20,000 as payment for past and future family support based on father's representation that he did not have any more money. After signing the stipulation, however, mother learned that father had approximately $118,000 in his bank account and that the Department had intercepted another $60,000 that father had in another account. Mother contended that had she known this, she would have never agreed to the stipulation. Mother further argued that the stipulation should be set aside because the Department was required to, but did not, sign it. Father opposed and argued, among other things, that the Department was not required to sign the stipulation under section 4065.

At the hearing on mother's motion, the trial court examined both father and mother as witnesses. The court continued the matter "for further review" and referred the parties to section 4065, subdivision (c) and *In re Marriage of Sabine & Toshio M.* (2007) 153 Cal.App.4th 1203 (*Sabine*). At the continued hearing, the court granted mother's motion to set aside the stipulation and terminated the suspension of child support enforcement.

Father filed a request for a statement of decision and a motion for reconsideration. At the hearing, the trial court again examined father and mother as witnesses. The court denied the motion for reconsideration and issued an oral statement of decision. In its order following the hearing, the

court stated that it "considered all factors alleged by [father] in the motion for reconsideration. [Father] failed to note one important factor that the [Department] had not approved the Stipulation and Order. . . ." Father appealed from the order setting aside the stipulation. Father also appealed from the order denying his motion for reconsideration but does not make any arguments regarding that order. We therefore do not discuss it.

## II. DISCUSSION

A decision modifying a child support order is reviewed for abuse of discretion. (*In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 229.) "To the extent the trial court's decision reflects an interpretation of a statute, it presents a question of law that we review de novo." (*Id.* at p. 230.)

### A. The Department's Signature

The trial court did not err in setting aside the parties' stipulation. "A stipulated agreement of child support is not valid unless the local child support agency has joined in the stipulation by signing it in any case in which the local child support agency is providing services pursuant to Section 17400." (§ 4065, subd. (c).) These services include "establishing, modifying, and enforcing child support obligations." (§ 17400, subd. (a)(1).) Here, the Department was providing mother with child support enforcement services at the time. The parties' stipulation, as it related to father's child support obligations, therefore required the Department's signature. (§ 4065, subd. (c).)

Father, however, contends that *Sabine, supra,* 153 Cal.App.4th 1203 establishes that section 4065, subdivision (c) "does not apply in private agreements for non-aid arrears." But the Court of Appeal in *Sabine* held no such thing. Indeed, it did not even reference section 4065. Instead, *Sabine* involved a mother's attempt to collect child support arrears from a father who

4

resided overseas. (*Sabine*, at p. 1210.) The mother enlisted the help of the local child support agency in attempting to collect these arrears. (*Ibid*.) After the validity of a settlement agreement that included a release of all claims by the mother against the father was disputed, the agency filed a motion asking the trial court to decide whether the father still owed any arrears. (*Id*. at p. 1211.) The Court of Appeal concluded that he did and held that although a child support order may be modified prospectively, section 3651, subdivision (c)(1) "*precludes* a trial court from modifying or forgiving accrued support payments—arrearages." (*Sabine*, at p. 1213, italics added.) The court also held that "the parties cannot waive arrearages by agreement or other conduct." (*Ibid*.)

Thus, *Sabine* did not hold that agreements relating to non-aid arrears like the stipulation are exempt from section 4065, subdivision (c). In fact, *Sabine* appears to provide an additional ground for setting aside the stipulation—that neither father nor mother had the ability to waive or forgive the over $218,000 in support arrears that father owed to mother. (*Sabine*, *supra*, 153 Cal.App.4th at p. 1213.) In any event, the trial court did not err in setting aside the stipulation and order based solely on the absence of the Department's signature.[4]

Father also cites to *Carlson v. Eassa* (1997) 54 Cal.App.4th 684 (*Carlson*) and purports to quote two passages from the case—that section 4065, subdivision (c) " 'does not apply to private agreements between parties

---

[4] In his reply brief, father also contends that section 4065 only required the Department's consent to the stipulation and not its signature. We reject this argument for two reasons. First, father did not raise this argument in his opening brief and cannot raise it for the first time in his reply brief. (*City of Oakland v. Hassey* (2008) 163 Cal.App.4th 1477, 1490–1491.) Second, section 4065, subdivision (c) expressly states that the Department must "join[] in the stipulation by *signing it*." (§ 4065, subd. (c), italics added.)

regarding child support arrears in non-public assistance cases'" and that where "'no public assistance is involved, the interests of the public are not directly implicated. The obligation remains a private matter between the parties.'" These quoted passages, however, appear nowhere in *Carlson*, suggesting that father may be attempting to mislead the court. In any event, *Carlson* only held that section 4065 "expressly prohibits the district attorney from stipulating to a child support order below the guideline formula amount without the consent of the recipient parent." (*Carlson*, at p. 695.) It therefore does not help father here.

### B. <u>Statement of Decision</u>

Lastly, father argues that the trial court committed reversible error by failing to issue a statement of decision as requested by father when it set aside the parties' stipulation. We find no grounds for reversal.

Father cites to California Rules of Court, rule 3.1590(n) and section 3654 to support his argument that a statement of decision was required. But rule 3.1590 only applies to controverted issues following a *trial*, not a motion. (Cal. Rules of Court, rule 3.1590(d).) Further, even if the rule applied here, the section—which father misquotes—states that a "statement of decision may be made orally on the record in the presence of the parties" "[w]hen a trial is completed within one day . . . ." (*Id.*, rule 3.1590(n).) Here, the hearing concluded in one day, and the trial court provided an oral statement of decision.

Section 3654 also does not help father. That section states, "[a]t the request of either party, an order modifying, terminating, or setting aside a support order shall include a statement of decision." A written statement of decision, however, is not required if a trial court provides "an oral statement of decision on the record in the parties' presence." (*In re Marriage of Furie*

6

(2017) 16 Cal.App.5th 816, 825.)  Further, a "statement of decision is as much, or more, for the benefit of the Court of Appeal as for the parties.  It 'is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law.' " (*In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010.)  Here, in addition to the oral statement of decision it provided to the parties, the trial court referenced section 4065, subdivision (c) in its minute order and explicitly found that the Department did not approve the stipulation in its order following the hearing on father's request for a statement of decision.  The court therefore provided us with a sufficient basis to conclude that its order setting aside the stipulation was supported by the facts and law.  We therefore see no reason to reverse.

## III.  <u>DISPOSITION</u>

The trial court's September 19, 2022 order is affirmed.


CHOU, J.


We concur.


JACKSON, P. J.


BURNS, J.


(A166791 – *Holland v. Alexholland*)

7