Filed 2/7/23  Hauswirth v. Shih CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DENNIS HAUSWIRTH, | D080294 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2020-00045533-CU-BC-NC) |
| WENDY SHIH, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

Dennis Hauswirth, in pro. per., for Plaintiff and Appellant.

Wendy Shih, in pro. per., for Defendant and Respondent.

Dennis Hauswirth appeals a judgment after court trial.  He contends substantial evidence does not support the trial court's findings and that he is entitled to a "trial de novo" regarding the formation of a contract between himself and Wendy Shih.  We affirm.

### BACKGROUND

Hauswirth sued Shih alleging two causes of action:  (1) breach of written contract, and (2) breach of implied covenant of good faith and fair

dealing.  Hauswirth alleged he agreed to assist Shih with the sale of her property located at 749 Mays Hollow Lane, Encinitas, California 92024 (referred to herein as "Mays Hollow property" or "Encinitas property") free of charge, in return for commissions on the purchase of replacement property in what Hauswirth referred to as a tax deferred exchange, under Internal Revenue Code section 1031.

Hauswirth alleged that on January 28, 2016, Shih e-mailed him stating:  " 'Dear Dennis, It was such a pleasure working with you.  I am very grateful that you are working with me free of charge on the sale of the Mays Hollow property.  We will have a chance to work on purchasing listed properties for replacement if and when this deal closes.' "  Hauswirth responded the same day stating:  " 'It was great seeing you and Barry [DEFENDANT'S husband] again – looking forward to finding the right properties for you Wendy . . . .' "  In the joint trial readiness report, Hauswirth asserted that this e-mail exchange was "the contract which created the exclusive relationship."

The complaint stated that over the next few months, Hauswirth worked on the sale of Shih's Mays Hollow property.  Hauswirth also alleged that in February 2016, he began searches, showings, and investigations for replacement properties for Shih to purchase.  According to Hauswirth, on or around January 22, 2017, Shih stopped responding to Hauswirth's inquiries or communications regarding potential properties for Shih to purchase. Hauswirth alleged that on January 23, 2017, he met with Shih, at which time Shih "unilaterally terminated their relationship," preventing Hauswirth from receiving compensation from Shih's purchase of replacement property.

According to Hauswirth's complaint, on May 2, 2017, Shih closed escrow on the sale of her Mays Hollow property; on May 3, 2017, Shih closed

escrow on the purchase of a house in Del Mar, California for $2,025,000; and on June 19, 2017, Shih closed escrow on a multi-unit property in Vista, California for $890,000—all without Hauswirth. Hauswirth alleged that a "2.5% commission on the Mays Hollow property would have been $73,750, an implied value [Shih] placed on [Hauswirth's] representation when the contract was originally proposed." He sought that amount in damages from Shih "for his 11 months of exclusive service to her in search for replacement property up until she summarily Breached the Contract preventing [Hauswirth] from receiving such compensation otherwise."

In her answer, Shih denied the existence of a contract between her and Hauswirth. In the joint trial readiness report, Shih asserted there was no agreement that she would use Hauswirth "as her exclusive representative for the potential sale of Mays Hollow or the potential subsequent purchase of properties with the Mays Hollow sale proceeds."

A court trial took place on September 1, 2021. Hauswirth and Shih both represented themselves, both were sworn to testify on their own behalf, and numerous exhibits were received.[1] At the end of the one-day court trial, the court took the matter under submission. The trial was not reported.

On September 28, 2021, the court issued a written ruling. The court noted that Hauswirth was the plaintiff with the burden of proving the merits of his case, and particularly the burden of proving the existence of a contract on which his claims were based. The court carefully examined not only the January 28, 2016 e-mail exchange but also all other e-mails presented at trial and the oral testimony concerning the parties' dealings. The court concluded

---

[1] The minute order from the date of the trial does not indicate that any exhibits were admitted into evidence. While we have not been provided with a complete record on appeal, there is no indication in the record before us that any exhibits were admitted into evidence.

3

"[a]fter reviewing all of the evidence, the Court is not persuaded that Hauswirth has carried his burden of proving the existence of a contract entitling him to the relief that he is requesting in this case." The court cited authority stating that " '[t]here is no contract until there has been a meeting of the minds on all material points.' " The court then stated "Hauswirth has failed to sustain his burden of proving the existence of a contract whereby Shih agreed to pay him the commission that he seeks to recover in this lawsuit, namely a commission on the sale of the Encinitas property. . . . The evidence indicates that Hauswirth was willing to provide advice to Shih in connection with the sale of the Encinitas property in order to foster a business relationship with Shih so that he could potentially obtain a commission in the typical fashion on the purchase of a replacement property." The court entered judgment in favor of Shih and against Hauswirth.

Hauswirth filed a motion for new trial, taking issue with the court's statement in its ruling indicating that Hauswirth failed to prove the existence of a contract whereby Shih agreed to pay him "a commission on the sale of her Encinitas property." Hauswirth argued that his complaint was based on a "contract to be compensated from Shih's purchase of replacement property rather than being paid a commission on the sale of her Encinitas property." He clarified that his claim for compensation in the amount of 2.5% of the Encinitas property sale price "was merely used as the potential receipt of commissions paid to Hauswirth on equivalent replacement property purchases."

The court denied Hauswirth's motion for new trial, clarifying that the ruling was based on "the Court's conclusion that plaintiff failed to prove the existence of <u>any</u> contract that entitled him to <u>any</u> commission. At the trial, plaintiff asserted that an exchange of emails constituted a binding

4

agreement. The Court found that the exchange of emails did not reflect a meeting of the minds, and did not create a binding agreement by which plaintiff would be paid a commission. . . . The exchange of emails did not create a binding agreement." The court acknowledged that its ruling could have been written better to address the points raised in Hauswirth's motion for new trial, but stated that no party requested a statement of decision, and explained that "in the absence of a request for a statement of decision, the Court was not required to anticipate any particular issues of concern to plaintiff and address them in its ruling after the trial."

DISCUSSION

A. Principles of Appellate Review

In superior courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. Upon the request of any party appearing at the trial, the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial. If the trial is concluded within one calendar day, the request must be made prior to the submission of the matter for decision. (Code Civ. Proc., § 632.) "A statement of decision is as much, or more, for the benefit of the Court of Appeal as for the parties. It 'is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law.' " (*In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010.)

" 'Under the doctrine of "implied findings," when parties waive a statement of decision expressly or by not requesting one in a timely manner, appellate courts reviewing the appealed judgment must presume the trial court made all factual findings necessary to support the judgment for which there is substantial evidence.' " (*In re Marriage of McHugh* (2014)

5

231 Cal.App.4th 1238, 1248 (*McHugh*).) "In other words, the necessary findings of ultimate facts will be implied and the only issue on appeal is whether the implied findings are supported by substantial evidence." (*Espinoza v. Shiomoto* (2017) 10 Cal.App.5th 85, 100 (*Espinoza*).) " '[T]he term "ultimate fact" generally refers to a core fact, such as an essential element of a claim. [Citation.] Ultimate facts are distinguished from evidentiary facts and from legal conclusions. [Citations.]' (*Ibid.*)" (*Metis Development LLC v. Bohacek* (2011) 200 Cal.App.4th 679, 689.)

The doctrine of implied findings "is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)

### B. Analysis

Hauswirth argues substantial evidence does not support the trial court's finding that there was no meeting of the minds and therefore no contract between himself and Shih. Hauswirth contends the January 28, 2016 e-mail is a contract between himself and Shih and that their conduct is evidence that there was a meeting of the minds as to the terms of the contract. Hauswirth also argues he is entitled to a "trial de novo" regarding the existence of the contract, taking issue with the trial court's statement that "[t]he exchange of emails did not create a binding agreement." He contends an e-mail *may* create a written contract, and again argues the January 28, 2016 e-mail was a binding contract, and his and Shih's conduct is consistent with the terms of the alleged contract.

6

There is no indication in the record that Hauswirth requested a statement of decision. The trial was concluded within one calendar day, the minute order from trial shows the trial court took the matter under submission that day, and does not show that any party made a request for a statement of decision. Further, the order denying Hauswirth's motion for new trial states no party requested a statement of decision. Therefore, under the doctrine of implied findings, we presume the trial court made all findings necessary to support the judgment. (*McHugh, supra*, 231 Cal.App.4th at p. 1248.)

Hauswirth's only causes of action alleged in his complaint were breach of contract and breach of implied covenant of good faith and fair dealing. An essential element of those claims is a valid contract. (*Tribeca Companies, LLC v. First American Title Ins. Co.* (2015) 239 Cal.App.4th 1088, 1109; *Smith v. City and County of San Francisco* (1990) 225 Cal.App.3d 38, 49.) " '[T]here is no contract until there has been a meeting of the minds on *all* material points.' [Citation.] 'Mutual intent is determinative of contract formation because there is no contract unless the parties thereto assent, and they must assent to the same thing, in the same sense. . . . Thus, the failure to reach a meeting of the minds on all material points prevents the formation of a contract *even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract*.' [Citation.] [¶] 'Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings.' [Citation.]" (*American Employers Group, Inc. v. Employment Development Dept.* (2007) 154 Cal.App.4th 836, 846-847.) Here,

we presume the trial court found there was no meeting of the minds as to all material terms of a contract between Hauswirth and Shih.

The determination of whether there is a contract is a question of fact, requiring deference to the factual findings made by a trial court. (*In re First Capital Life Ins. Co.* (1995) 34 Cal.App.4th 1283, 1287.) On appeal, Hauswirth is not entitled to a "trial de novo" or a new trial on this question of fact. We must uphold the trial court's finding if supported by substantial evidence. (*Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.* (2015) 240 Cal.App.4th 763, 772.)

In general, the sufficiency of the evidence supporting a trial court's findings may be challenged on appeal despite the implied findings doctrine. (*Espinoza, supra*, 10 Cal.App.5th at p. 100.) However, Hauswirth cannot do so here because he has failed to provide us an adequate record to assess the sufficiency of the evidence supporting the trial court's findings. In particular, he has not provided a reporter's transcript, agreed statement, or settled statement for the trial. Therefore, we do not know what was said or what evidence was presented during the trial. Because Hauswirth did not provide a reporter's transcript, agreed statement, or settled statement, we must presume substantial evidence was presented during the unreported proceedings to support the trial court's findings. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' . . . 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]' "]; see *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another

8

way, it is presumed that the unreported trial testimony would demonstrate the absence of error"].)

In sum, because Hauswirth failed to request a statement of decision, we presume the trial court made all findings necessary to support the judgment, and the only issue on appeal is the sufficiency of the evidence to support the court's implied findings. Hauswirth's failure to provide an adequate appellate record requires us to presume the evidence was sufficient to support the court's implied findings. For these reasons, Hauswirth has not carried his burden of establishing a reversable error.

## DISPOSITION

The judgment is affirmed. Shih to recover costs on appeal.

IRION, J.

WE CONCUR:

HUFFMAN, Acting P. J.

DO, J.

9