Filed 12/4/25  Mena v. Schroeder CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JUDY HUIE MENA, as Trustee, etc.,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>CHRISTOPHER P. SCHROEDER,<br><br>    Defendant and Appellant. | G063849<br><br>(Super. Ct. No. 30-2020-01146344)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sandy N. Leal, Judge. Affirmed.

Michael J. Schroeder and Michael J. Schroeder for Defendant and Appellant.

Fingal, Fahrney & Clark and Christopher R. Clark for Plaintiff and Respondent.

\*        \*        \*

This appeal stems from a dispute between two homeowners, Judy Huie Mena, as Trustee of The Randy Reno Mena and Judy Huie Mena Revocable Living Trust (Mena) and Christopher P. Schroeder, who were members of the 3711 West Balboa Blvd. Homeowners' Association (HOA). Mena filed a complaint against Schroeder and the HOA alleging they engaged in a campaign of harassment geared towards preventing her from using and enjoying her property. Schroeder asked the trial court to order all claims to arbitration, including the claims against him as an individual; the trial court granted the request. Following arbitration, in which the arbitrator issued an award against Schroeder personally, Schroeder took a different position in the trial court hoping to avoid the award on the basis that Mena did not sue him as an individual. The court disagreed, confirmed the award, and entered judgment in favor of Mena.

Schroeder appeals raising the same arguments the trial court rejected. They have no merit, and we affirm the judgment.

FACTS

In 2020, Mena filed a complaint against "3711 West Balboa Blvd. Homeowners' Association" and "Christopher P. Schroeder, an individual." According to the complaint, in 1991, covenants, conditions, and restrictions (CC&Rs) were recorded against a two-unit, two-story property located at 3711 West Balboa Blvd. in Newport Beach, California. Schroeder owned the upstairs unit and was the sole officer and director in control of the HOA. In 2019, Mena purchased the downstairs unit. Since purchasing the property, Mena alleged Schroeder and the HOA denied her access to her property, refused to provide her with HOA documents, fabricated violations of the HOA rules against her as a pretext to fine her, and unlawfully recorded liens against her property, among other things.

2

In July 2021, "Defendants and Petitioners herein 3711 West Balboa Blvd. Homeowners' Association, a California non-profit corporation . . . and Christopher P. Schroeder, an individual" filed a motion to compel arbitration of the dispute. Schroeder argued the CC&Rs contained a broad arbitration clause which governed the case. The arbitration clause read, in full, "In the event of a dispute between the homeowners of 3711 West Balboa, both parties agree that an independent arbitrator shall settle the dispute and that the decision of that arbitrator shall be agreed to by all homeowners." Mena opposed the motion claiming the dispute was not "between homeowners," but was between Mena and the "HOA and Christopher P. Schroeder for his acts and omissions in his capacity as the sole officer and director in control of the HOA." Then, in September 2021, while the motion was pending, Mena filed a first amended complaint (FAC).

As in the initial complaint, the FAC's caption stated the defendants were "3711 West Balboa Blvd. Homeowners' Association, a California non-profit corporation" and "Christopher P. Schroeder, an individual." The FAC alleged "Christopher P. Schroeder" was "an individual" who was "being sued solely in his capacity as the sole officer and director in control of the Association." But Mena also alleged each defendant was "acting for himself" and on their "own behalf individually," as well as agents of the other. The FAC contained the same causes of action as the initial complaint, as well as the factual allegations described above.

Following the filing of the FAC, Schroeder submitted a reply brief in support of his motion to compel arbitration, claiming the arbitration clause still governed because the FAC made clear the case was between him and Mena as "property owners of the homeowner's association." Schroeder argued Mena was still suing him "[i]n [h]is [i]ndividual [c]apacity," despite her

attempts to plead around the arbitration agreement. According to Schroeder, any argument that "he is not named as an individual defendant is simply wrong and contrary to [the] facts alleged [in the FAC]."

In September 2021, the trial court agreed with Schroeder and granted the motion to compel arbitration. The arbitration culminated in September 2023. During the arbitration, counsel represented the HOA and "Schroeder, [as] an individual." The arbitrator determined the Secretary of State suspended the HOA from 2013 to 2020 and that Schroeder managed the "building in his individual capacity without any authority of the [a]ssociation which was suspended." According to the arbitrator, "[f]rom the outset, Schroeder began a campaign of harassment against [Mena]," including improperly recording liens on Mena's property and threatening to foreclose on them, failing to provide HOA documents to Mena, preventing Mena from accessing her property, falsely accusing Mena of violating HOA rules, and refusing to accept Mena's HOA fees, to name a few.

The arbitrator ordered Schroeder, personally, to pay Mena $10,000 for denying her the use of her property, $3,500 for refusing to provide her with HOA records in violation of Civil Code section 5235, and $25,000 as exemplary damages for his "bad faith" and "despicable" conduct. The arbitrator ordered the liens stricken, invalidated "'loans'" Schroeder made to the HOA, and ordered Schroeder to remove security cameras he placed above Mena's property and to give Mena full access to her property. Finally, the arbitrator awarded Mena her costs and attorney fees in the amounts of $23,529.19 and $130,621.25, respectively.

In October 2023, Mena filed a petition in the trial court to confirm the arbitration award. Schroeder opposed the petition claiming the arbitrator exceeded his powers because Mena's claims were only against him

in his representative capacity, not as an individual. Schroeder also filed a request for a statement of decision, which stated, in its entirety, "Defendants 3711 West Balboa Boulevard Homeowners' Association and Christopher P. Schroeder (collectively 'Defendants'), pursuant to [Code of Civil Procedure section] 632, hereby respectfully request a [s]tatement of [d]ecision specifying all findings of facts and conclusions of law relied upon by the [c]ourt in making its decisions on Plaintiff's [p]etition to [c]onfirm [a]rbitration [a]ward and Defendants' [r]esponse thereto."

In January 2024, the trial court issued a minute order confirming the arbitration award and, shortly thereafter, entered judgment. Mena then filed a motion for attorney fees incurred in litigating the petition to confirm the arbitration award. The request for fees was made pursuant to Civil Code Section 1717[1] as well as the language in the CC&Rs entitling her to the recovery of attorney fees. Her attorney attested he spent 25.7 hours litigating the petition at a rate of $495 an hour. The court found the 25.7 hours was reasonable but reduced the rate to $450 and awarded Mena her attorney fees in an amount of $11,565.

DISCUSSION

I.

THE TRIAL COURT DID NOT NEED TO ISSUE A STATEMENT OF DECISION

First, Schroeder claims he requested a statement of decision, and the trial court's minute order was not compliant with that request. We need not delve into the specifics of the minute order, nor Schroeder's issues with it,

---

[1] Civil Code section 1717 grants the prevailing party in an action on a contract its attorney fees incurred in that action. (*Id.*, subd. (a).)

because Schroeder's request was deficient and tantamount to no request at all.

Code of Civil Procedure section 632 provides, in relevant part, that "[t]he court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial." (Code Civ. Proc., § 632.) "The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision." (*Ibid.*) A party may request a statement of decision regarding a ruling on a petition to confirm an arbitration award. (*Id.,* § 1291.) When the hearing on the petition to confirm the arbitration award takes less than one day, as it did here, a party must submit its request for a statement of decision before submission of the matter. (*Metis Development LLC v. Bohacek* (2011) 200 Cal.App.4th 679, 687.)

Here, although Schroeder's request was made prior to submission of the matter, it did not specify the "controverted issues" Schroeder wished the court to address. Instead, he asked the court to explain "all findings of facts and conclusions of law" the court relied upon in making its decision. This was an improper "'general inquisition'" that "failed to identify *specifically* which issues he wanted the trial court to address." (*Conservatorship of Hume* (2006) 140 Cal.App.4th 1385, 1394 (*Hume*).) A trial court has no obligation to issue a statement of decision when a party does not properly frame the issues for the court to address. (*People ex rel. Becerra v. Huber* (2019) 32 Cal.App.5th 524, 548, fn. 19.)[2]

_____

[2] In any event, Schroeder's opposition to the petition to confirm the award rested primarily on his contention that the arbitrator exceeded its

Disagreeing, Schroeder points to *In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007 (*Sellers*) and *F.P. v. Monier* (2017) 3 Cal.5th 1099 (*Monier*) for his contention "that a general request" is sufficient. Neither decision stands for that proposition.

In *Sellers*, the Court of Appeal was interpreting Family Code section 3654 which required a court to issue a statement of decision, "[a]t the request of either party, [regarding] an order modifying, terminating, or setting aside a support order . . . . " (*Sellers, supra*, 110 Cal.App.4th at p. 1010; see Fam. Code, § 3654.) The husband initially requested a statement of decision but then waived the request. (*Sellers,* at p. 1010.) On appeal, the husband argued that since the wife did not make a request, a statement of decision was not required. (*Ibid.*) The Court of Appeal disagreed because accepting the husband's argument would "turn the process into a game." (*Ibid.*) *Sellers* had nothing to do with the sufficiency of the request.

In *Monier*, following a court trial, the defendant "timely filed a request for a statement of decision requesting, as relevant here, that the court set forth 'the basis upon which' it was awarding special damages, emotional distress damages, past and future medical expenses, and lost wages." (*Monier, supra*, 3 Cal.5th at p. 1103.) However, the trial court executed the judgment without issuing a statement of decision. (*Id.* at

---

powers in issuing the award. Schroeder's position presented a pure issue of law for the trial court to decide. When a trial court is not deciding contested questions of fact, a party has no right to a statement of decision. (*City of Coachella v. Riverside County Airport Land Use Com.* (1989) 210 Cal.App.3d 1277, 1291–1292 [even where party made request, no statement of decision required where trial court deciding pure "issues of law"].) Therefore, the trial judge had no obligation to issue a statement of decision—even if one was requested. (*Ibid.*)

7

p. 1104.) The California Supreme Court held this was error, but it was not reversible per se, but subject to harmless error review. (*Id.* at p. 1108.) Again, the decision had nothing to do with the adequacy of the request.

Next, Schroeder claims that, even if the trial court issued a compliant statement of decision, entry of the judgment five days after entry of that decision violated California Rules of Court, rule 3.1590(g), and his right to object to the order or seek clarification of it. Rule 3.1590(g) provides that a party may serve objections to the proposed statement of decision within 15 days after it has been served. (Cal. Rules of Court, rule 3.1590(g).) However, because Schroeder did not make a proper request for a statement of decision, the court did not have to prepare a "proposed statement of decision" to which Schroeder could object. As such, the court was not required to wait 15 days before entering the judgment.

## II.

### THE COURT CORRECTLY CONFIRMED THE ARBITRATION AWARD

Schroeder claims the trial court erred in confirming the arbitration award because the arbitrator exceeded his powers by issuing relief against Schroeder personally, rather than in his representative capacity. We disagree.

"[A]n arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 6 (*Moncharsh*).) However, there are "some limited and exceptional circumstances justifying judicial review of an arbitrator's decision," such as when "granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights," or would violate an "explicit legislative expression of public policy . . . ." (*Id.* at p. 32.)

8

Another such circumstance is where an arbitrator "exceeded their powers" (Code Civ. Proc., § 1286.6, subd. (b)), such as by deciding issues the parties did not submit for arbitration (*Kurtin v. Elieff* (2013) 215 Cal.App.4th 455, 467–468). However, "[i]t is well established that the scope of an arbitrator's powers are fixed by the agreement to arbitrate." (*Id.* at p. 467.) Although we decide the issue de novo (*Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 33), we give substantial deference to the arbitrator's determination of the scope of his or her contractual authority (*Greenspan v. LADT, LLC* (2010) 185 Cal.App.4th 1413, 1437).

Here, the arbitration clause was broad as it governed any "dispute between the homeowners" without limitation. As Schroeder put it in his motion to compel arbitration: "[the] broad arbitration provision . . . does not limit the type of disputes that must be arbitrated—it simply governs **all** disputes between the parties," including "contractual claims as well as those arising in tort or seeking declaratory or equitable relief." Any argument "that the subject arbitration provision [was] inapplicable to [Mena's] claims against Mr. Schroeder . . . as an individual defendant is simply wrong and contrary to [the] facts alleged" in the FAC. We agree.

Moreover, the arbitrator concluded that the Secretary of State suspended the HOA from March 2013 through March 2020 and that "[m]ost all of the events" pertaining to the parties' dispute "took place while the [HOA] was without legal authority to conduct business." Schroeder, according to the arbitrator, "'managed' the building in his individual capacity without any authority of the [HOA] which was suspended." Schroeder's status as the sole officer or director of a suspended corporation subjected him, personally, to liability for all acts he committed on behalf of that suspended corporation. (See *Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1072 (*Misik*) ["court may

exercise its authority to impose liability upon an alter ego who had control of the litigation, and was therefore represented in it"].) In entering an award against Schroeder as an individual, the arbitrator was simply "insert[ing] the correct name of the real defendant." (*Ibid.*) Such an action is lawful regardless of whether Mena alleged personal liability against Schroeder in her complaint. (*Id.* at pp. 1074–1075.) This principle applies equally to an individual who is the sole officer or director of a homeowners association. (*McClellan v. Northridge Park Townhome Owners Assn.* (2001) 89 Cal.App.4th 746, 752–753.)

Alternatively, Schroeder argues we should estop Mena from opposing his claim of error because Mena claimed in her opposition to the motion to compel arbitration that the FAC was directed against Schroeder in his representative capacity. We decline to apply the rule against Mena—but will do so against Schroeder.

"""'[J]udicial estoppel is an equitable doctrine aimed at preventing fraud on the courts.""" (*Miyahara v. Wells Fargo Bank, N.A.* (2024) 99 Cal.App.5th 687, 697.) "'The doctrine applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake."'" (*Ibid.*)

Here, the trial court rejected Mena's argument that the case should be litigated in the courts. But the court accepted Schroeder's position that the arbitration clause applied to the FAC because the FAC alleged claims against him "as officer/director of the HOA as well as his actions as a neighbor and member of the HOA." Following the arbitration, back in the

10

trial court, Schroeder argued a contrary and inconsistent position. We have no evidence Schroeder took the first position because of ignorance, fraud, or mistake. Therefore, Schroeder is estopped from raising the claim on appeal.

## III.

### THE AWARD DID NOT VIOLATE PUBLIC POLICY

Finally, Schroeder contends the award under Civil Code section 5235 and the exemplary damages award violated "well-defined and dominant" public policy. We disagree.

Schroeder argues the arbitrator could not impose an award under Civil Code section 5235 against him as an individual because that section only applies to homeowners associations. Civil Code section 5235 provides, in relevant part, "If a court finds that the [homeowners] association unreasonably withheld access to the association records, the court . . . may assess a civil penalty of up to five hundred dollars ($500) for the denial of each separate written request." (*Id.*, subd. (a).)

Assuming the award contravenes the statutory language, that, in and of itself, is insufficient to invalidate it. "Without an explicit legislative expression of public policy . . . courts should be reluctant to invalidate an arbitrator's award on this ground. The reason is clear: the Legislature has already expressed its strong support for private arbitration and the finality of arbitral awards . . . . [Citation.] Absent a clear expression of illegality or public policy undermining this strong presumption in favor of private arbitration, an arbitral award should ordinarily stand immune from judicial scrutiny." (*Moncharsh, supra*, 3 Cal.4th at p. 32.)

Thus, "[t]he question is *not* whether the arbitrator's award violates the statutory right identified by the complaining party, but whether *if it did*, the award contravened an explicit legislative expression of public

11

policy that undermined the presumption in favor of arbitration." (*Epic Medical Management, LLC v. Paquette* (2015) 244 Cal.App.4th 504, 513–514.) Schroeder points to no authority supporting his conclusion that the award, assuming it violated a statutory right, contravened an explicit expression of legislative public policy. Nor are we aware of any.

In any event, as we discussed, Schroeder managed the building in his individual capacity, and, as the sole officer and director of the suspended HOA, he is personally liable for all actions committed on behalf of that corporation. (See *Misik, supra*, 197 Cal.App.4th at p. 1072; see also *Timberline, Inc. v. Jaisinghani* (1997) 54 Cal.App.4th 1361, 1365 [suspended corporation cannot legally conduct business].) Here, the arbitrator concluded that Mena requested documents from the HOA during the period it was suspended. Thus, Schroeder's refusal to provide them, whether in the name of the suspended HOA or not, subjected him to liability.

Alternatively, Schroeder argues we must correct the award because "only one of the seven 'requests' meets the conditions of Civil Code Section 5235." That contention is premised on the arbitrator making an error of law or fact which we cannot review. (*Moncharsh, supra*, 3 Cal.4th at p. 6.)

Schroeder claims the arbitrator inappropriately based its award of exemplary damages on the arbitrator's conclusion that Schroeder assessed fines, fees, penalties, assessments, or attorney fees against Mena in bad faith. According to Schroeder, at the time the subject fines, fees, penalties, assessments, and attorney fees were imposed, Mena did not own the subject property. But Schroeder's issues with the arbitrator's conclusions of facts and law are, again, not subject to judicial review. (*Moncharsh, supra*, 3 Cal.4th at p. 6.)

12

## IV.

### SANCTIONS ARE WARRANTED

On our own motion, we notified the parties that we were considering issuing sanctions against attorney Michael J. Schroeder and appellant Christopher P. Schroeder for filing a frivolous appeal and for misrepresenting the law in their briefing. We invited the parties to submit briefing on the following issues: (1) whether the appeal was frivolous and taken and maintained solely for the purpose of causing delay and frustrating the satisfaction of the underlying judgment, taking into account attorney Michael J. Schroeder and appellant Christopher P. Schroeder's position in the trial court that the FAC alleged facts and claims against appellant Christopher P. Schroeder as an individual considering *Pierotti v. Torian* (2000) 81 Cal.App.4th 17 (*Pierotti*) and (2) whether attorney Michael J. Schroeder and appellant Christopher P. Schroeder misrepresented the law to this court by citing *Sellers* and *Monier* for the proposition that "'[c]ourts have long held that a general request for a statement of decision is enough to trigger the court's obligation.'" We identified Code of Civil Procedure sections 128.7 and 907, as well as California Rules of Court, rules 8.276(a)(1), 8.204(a)(B), and 8.276(a)(4), and rule 3.3(a)(1) of the Rules of Professional Conduct, as potential bases for sanctions.

Both parties submitted supplemental briefing. In appellant Schroeder's briefing, he and his attorney did not address the inconsistency with their position in the trial court, pre-arbitration, that the FAC alleged claims against Schroeder individually and their post-arbitration contrary position. Nor did they address the issue pertaining to the misrepresentation of the law based on the *Sellers* and *Monier* decisions. Instead, they affirmed their positions taken in this appeal and their representations.

13

We may sanction a party or the party's attorney for pursuing a frivolous appeal or taking an appeal solely to delay execution of an adverse judgment. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a)(1).) Even if the appeal is not frivolous or was not taken solely for delay, we may sanction a party or the party's attorney for committing any unreasonable violation of the Rules of Court. (Cal. Rules of Court, rule 8.276(a)(2) & (4).)

In determining whether an appeal was frivolous, we apply either a subjective test which looks "to the motives of the appellant and his or her counsel" or an objective test which "looks at the merits of the appeal from a reasonable person's perspective" and asks if "'any reasonable person would agree that the point is totally and completely devoid of merit, and, therefore, frivolous.'" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649.) "The two standards are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*Ibid.*) "However, any definition must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Id.* at p. 650.)

Here, we conclude sanctions are warranted against attorney Michael J. Schroeder and his client Christopher P. Schroeder under either standard. To start, their argument that the trial court erred in failing to issue a statement of decision was devoid of merit, and no reasonable attorney could argue otherwise. The request for a statement of decision was a bare-bones general request which has long been held insufficient to trigger a court's obligation to issue a statement of decision. (*Hume, supra,*

14

140 Cal.App.4th at p. 1394.) They claim this case was unknown to them but that it does not change their position. And we take no issue with that position. An argument or attempt to distinguish a case is not sanctionable. What is concerning to this court is their representation that the *Sellers* and *Monier* decisions held that a general request for a statement of decision is sufficient—when they did not.[3] Schroeder and his attorney did not address this point in their supplemental briefing.

We likely would have stopped here and let our consideration of sanctions go by the wayside. Not infrequently, parties misstate the law. However, most troubling to this court was attorney Michael J. Schroeder and appellant Christopher P. Schroeder's contention that the arbitrator was without authority to issue an award against Schroeder individually. In their supplemental briefing, they do not address their position taken in the trial court, pre-arbitration, that the arbitrator in fact had such authority, but instead claim that "[t]he mere fact that Mr. Schroeder initially sought arbitration does not preclude him from challenging an award that he believes exceeds the arbitrator's authority."

We have no qualms with that statement as a general legal principle. But that is not what Michael J. Schroeder and Christopher P. Schroeder did here. Instead, they asked the trial court to order the case to arbitration *on the basis* that the FAC alleged causes of action against appellant Schroeder *as an individual*. Then, after suffering defeat in the

_____

[3] We do not specifically need to conclude that attorney Michael J. Schroeder misrepresented the law to this court. (Bus. & Prof. Code, § 6068, subd. (d); Rules Prof. Conduct, rule 3.3(a)(1).) But this inaccurate representation, to put it in the best light possible, supports our conclusion that the appeal was frivolous.

15

arbitration, they sought to avoid the judgment on the basis that the FAC did not allege causes of action against appellant Schroeder as an individual. To ask a trial court to order a dispute to be arbitrated based on a specific set of facts, and then to claim that the agreed-upon arbitrator lacked the authority to arbitrate that dispute based on that same set of facts is disingenuous. (*Pierotti, supra*, 81 Cal.App.4th at p. 25.)

Moreover, as we discussed *ante*, the evidence in the record amply demonstrates Schroeder was sued for his actions as an individual, that he knew he was being sued as an individual, and that he wanted those claims against him as an individual sent to arbitration. No reasonable attorney would conclude otherwise. Schroeder's briefing in support of his request to send the case to arbitration was filed on his behalf as an individual, he admitted each cause of action was alleged against him as an individual, and he, as an individual, stipulated to the arbitrator. According to the record before us, Schroeder was represented at the arbitration as an individual and was personally present during the arbitration. Further, as discussed *ante*, the law permits a court or an arbitrator to enter an award against an individual who is unlawfully using a suspended corporation to conduct business— regardless of whether that individual was sued in their individual capacity. (See *Misik, supra*, 197 Cal.App.4th at p. 1072.) Moreover, the CC&Rs specifically provide for personal liability for an officer or director whose actions were not taken in good faith—which the arbitrator concluded was the case here.

In light of the ample record supporting the authority of the arbitrator to act in the manner he did, in conjunction with the inaccurate representations of law, and the numerous other reasons we have discussed, we conclude this appeal was subjectively and objectively frivolous.

16

"Among the specific factors we may consider in determining the appropriate amount of sanctions are the amount of respondent's attorney fees on appeal; the amount of the judgment against appellant; the degree of objective frivolousness and delay; and the need for discouragement of like conduct in the future." (*Pierotti, supra*, 81 Cal.App.4th at pp. 33–34.)

A frivolous appeal harms not only the opposing party, but the courts and the public. Instead of focusing our efforts on expeditiously moving cases through the court system, this court has had to expend resources processing this frivolous appeal. Thus, "'an appropriate measure of sanctions should . . . compensate the government for its expense in processing, reviewing and deciding a frivolous appeal.'" (*Pierotti, supra*, 81 Cal.App.4th at p. 35.) "Because a frivolous appeal, or one taken for improper reasons, harms the court, not just the respondent, a growing number of courts are ordering appellants to pay sanctions directly to the court clerk to compensate the state for the cost of processing such appeals." (*Ibid.*) In *Pierotti*, the court determined the cost of processing a frivolous appeal to be $6,000. (*Id.* at p. 36.) We have no doubt the cost of processing the average civil appeal has risen substantially since then but will err on the side of caution and impose a sanction of $6,000 payable to the clerk of this court to compensate the state for the cost of processing this appeal.

In addition to harming the public, this frivolous appeal has harmed Mena by forcing her to expend additional time, costs, and attorney fees. She requests a sanctions award in the amount of $22,549.20, based on the amount of attorney fees she has expended thus far on this appeal. (*J.B.B. Investment Partners Ltd. v. Fair* (2019) 37 Cal.App.5th 1, 19.) In considering whether this amount is reasonable, we start by noting that the judgment entered against Schroeder was $166,335.29, which included the $130,621.25

17

award of attorney fees incurred in the arbitration. Appellate sanctions of $22,549.20 would represent roughly 13 percent of the total judgment and 17 percent of the attorney fees awarded in the arbitration. (See *Caro v. Smith* (1997) 59 Cal.App.4th 725, 729–730 (*Caro*) [$12,250 in appellate sanctions where arbitrator awarded $331,111 in compensatory damages and $59,500 in attorney fees (sanctions were 3 percent of judgment and 20 percent of attorney fees)]; *In re Marriage of Economou* (1990) 223 Cal.App.3d 97, 100, 102–103 [$30,000 in appellate sanctions in marital dispute concerning $87,272.83 (sanctions were 34 percent of disputed property)].)

As in *Pierotti*, "we note there is a particular need to discourage like conduct in the future because this appeal was taken from a judgment confirming an arbitration award. The primary purpose of arbitration is to provide a "'speedy and relatively inexpensive means of dispute resolution.'"" (*Pierotti, supra*, 81 Cal.App.4th at pp. 34–35.) "By filing a frivolous appeal from a judgment confirming an arbitration award, a party defeats the very purpose of the arbitration process." (*Id.* at p. 35.)

The amount requested in sanctions, however, is not reasonable given that Mena is entitled to her attorney fees on appeal. (See *Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927 ["'fees, if recoverable at all— pursuant either to statute or parties' agreement—are available for services at trial *and on appeal*"].) We deny Mena's request for sanctions, but direct the trial court to award Mena all reasonable attorney fees and costs incurred on appeal including but not limited to those fees incurred responding to this court's order regarding sanctions, and those fees incurred after this opinion is filed.

The last issue to decide is who should bear the costs of these sanctions. We have authority to order either attorney Michael J. Schroeder or

18

appellant Christopher P. Schroeder or both to do so. (*Pierotti, supra*, 81 Cal.App.4th at p. 36.) Although Michael J. Schroeder shoulders considerable responsibility for the sanctions, his client is not blameless. His client benefited from the delay by not having to undertake any of the actions lawfully ordered by the arbitrator and the trial court. Moreover, in our order regarding the issue of sanctions, we noted we were considering sanctions against not only Michael J. Schroeder, but also against Christopher P. Schroeder directly. In their supplemental brief, Michael J. Schroeder did not absolve Christopher P. Schroeder of responsibility for the sanctionable issues. Nor did he accept the blame for those issues. Therefore, in these circumstances, it is appropriate to hold them both jointly and severally liable for the total award of sanctions.

This opinion constitutes a written statement of our reasons for imposing sanctions. (*Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 229.)

## DISPOSITION

The judgment is affirmed. Respondent to recover her costs (including attorney fees) incurred on appeal. The trial court is directed to award respondent *all* reasonable fees and costs incurred on appeal.

Attorney Michael J. Schroeder and appellant Christopher P. Schroeder are jointly and severally liable to pay $6,000 to the clerk of this court. The clerk is directed to deposit said sums in the general fund. All sanctions shall be paid no later than 15 days after the remittitur is issued.

Attorney Michael J. Schroeder and the clerk of this court are each ordered to forward a copy of this court's opinion to the State Bar upon return

19

of the remittitur. (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3), 6068, subd. (o)(3).)

BANCROFT, J.*

WE CONCUR:

DELANEY, ACTING P. J.

GOODING, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.